IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL A. PERKINS, JR.,<br><br>Defendant. | 8:22–CR–125<br><br>PRELIMINARY ORDER OF FORFEITURE |

This matter is before the Court on the Government's Motion for Preliminary Order of Forfeiture. Filing 470. Having reviewed the record in this case and being duly advised in the premises, the Court finds as follows:

1. On January 16, 2024, Defendant Michael A. Perkins, Jr., and the Government entered into a plea agreement which provided that the Defendant would plead guilty to Count V of the Superseding Indictment. Filing 280 at 1. Count V charges the Defendant with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Filing 178 at 17. In exchange, the Government agreed to dismiss the original Indictment and Counts I, VI, VI, XV, and XVIII of the Superseding Indictment. Filing 280 at 2.

2. Pursuant to this agreement, the Defendant also agreed to waive any right, title or interest in the following items, which were to be forfeited to the United States: (a) a 2020 Blue International HV507 dump truck, VIN: 3HAEGTATXLL338049, titled in the name of Perkins Construction LLC; (b) a Grey Henderson 17' Dump Body, S/N MKE-735708-1; (c) a 2020 White International

1

HV507 dump truck, VIN: 3HAEGTAT4LL336314, titled in the name of Perkins Construction LLC; and (4) a Black Henderson 17' Dump Body, SIN: MKE-73550-1. Filing 280 at 1.[1]

3. The beginning of the Forfeiture Allegation states that it is "alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A)." Filing 178 at 22. At another point in the Forfeiture Allegation, it states that the Defendant "shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violation." Filing 178 at 22. However, the concluding paragraph of the Forfeiture Allegation makes clear that it is all made "pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(A), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure." Filing 178 at 23.

4. On January 16, 2024, the Defendant appeared before a United States Magistrate Judge for a Change of Plea Hearing. Filing 317 at 1–2. Consistent with his plea agreement, the Defendant confirmed that he intended to withdraw his previous not guilty plea and enter a guilty plea to Count V of the Superseding Indictment. Filing 317 at 2. During the Change of Plea Hearing, the Defendant also confirmed that he was waiving any right, title, or interest in "a blue International dump truck, a grey Henderson dump body, a white International dump truck, and another

---

1 In his plea agreement, the Defendant further agreed to admit to paragraph 2(a) of the Forfeiture Allegation of the Superseding Indictment providing for a money judgment in the amount of $293,025, which reflected the proceeds of the Paycheck Protection Program and EIDL loans and grant that he obtained improperly. Filing 280 at 1. However, the Government's Motion for Preliminary Order of Forfeiture, Filing 470, does not seek a money judgment. *See generally* Filing 470. This is consistent with the action the Government recently took in relation to the Defendant's co-defendant, Michael A. Perkins, Sr. On May 24, 2024, the Government filed a Motion to Dismiss the Allegation for a Money Judgment in Michael A. Perkins Sr.'s case. Filing 466. The Government explained in that Motion "that dismissing the allegation for a money judgment is necessary to effectuate the terms of the plea agreements involving [Michael A. Perkins, Sr.] and co-defendant Michael Perkins, Jr., specifically to ensure that funds collected from sale of the dump trucks would be credited to Perkins Sr.'s and Perkins Jr.'s restitution obligations as opposed to the money judgment." Filing 466. The Court granted that Motion on May 28, 2024. Filing 467.

Henderson dump body[.]" Filing 317 at 8, 11. The Defendant then admitted that "these four items of property were, in fact, either proceeds or items that were purchased from proceeds from the crime to which [he was] pleading guilty[.]" Filing 317 at 26. Following the hearing, the Magistrate Judge submitted a written Findings and Recommendation recommending that the Court accept the Defendant's plea to Count V of the Superseding Indictment. Filing 277. After conducting a *de novo* review of the matter, the Court accepted the Defendant's plea. Filing 323.

5. On May 28, 2024, the Government filed the present Motion for Preliminary Order of Forfeiture. Filing 470. The Government seeks forfeiture of the property described in paragraph 3 of this Order, but the Government does not request a money judgment. *See generally* Filing 470. By virtue of the Defendant's plea of guilty and his admissions at the Change of Plea Hearing, the Defendant has forfeited his interest in (a) a 2020 Blue International HV507 dump truck, VIN: 3HAEGTATXLL338049, titled in the name of Perkins Construction LLC; (b) a Grey Henderson 17' Dump Body, S/N MKE-735708-1; (c) a 2020 White International HV507 dump truck, VIN: 3HAEGTAT4LL336314, titled in the name of Perkins Construction LLC; and (4) a Black Henderson 17' Dump Body, SIN: MKE-73550-1. The Government is entitled to possession of this property pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853. The Government's Motion for a Preliminary Order of Forfeiture should therefore be granted.

6. As a final matter, the Court notes that the Government invoked both the civil forfeiture statute (18 U.S.C. § 981) and the criminal forfeiture statute (18 U.S.C. § 982) in the Forfeiture Allegation. *See* Filing 178 at 22–23. However, because the Defendant has pleaded guilty to wire fraud under 18 U.S.C. § 1343, the civil forfeiture statute, § 981, applies. *See United States v. Waits, 919 F.3d 1090, 1096 (8th Cir. 2019).* The Defendant did not plead guilty to a species of wire fraud

3

for which criminal forfeiture under § 982 applies as best evidenced by the fact that all parties agree the Defendant is subject to a 20-year maximum term of imprisonment rather than the 30-year maximum term of imprisonment that governs when the wire fraud offense affects a financial institution. *See* Filing 303 at 4; Filing 316 at 10–11; *United States v. Garbacz*, 33 F.4th 459, 472 (8th Cir. 2022) (noting that 18 U.S.C. § 1343 imposes a higher maximum sentence for wire fraud conditions if the violation affects a financial institution). Here, the Defendant did not plead guilty to wire fraud that "affects a financial institution," and, thus, 18 U.S.C. § 982(a)(2)(A) is inapposite because that criminal forfeiture statute only applies to wire fraud offenses "affecting a financial institution[.]" *See* 18 U.S.C. § 982(a)(2).

However, because the Forfeiture Allegation also correctly cites to the proper, civil forfeiture statute, 18 U.S.C. § 981(c)(1)(A)—which does apply to the wire fraud offense in this case—the Court concludes that the references to 18 U.S.C. § 982 do not invalidate an otherwise valid forfeiture. *See Garbacz*, 33 F.4th at 472 (citing to Rule 52(a) of the Federal Rules of Criminal Procedure in support of its conclusion that no matter whether the civil or criminal wire fraud statute applied to a case involving wire fraud, the property at issue was forfeitable under either standard). Like the property at issue in *Garbacz*, and for the reasons previously explained in this Order, the Court concludes that the property at issue here was "derived from proceeds that were 'obtained directly or indirectly' as a result of wire fraud and were 'traceable to' wire fraud." *Id.* at 473 (citing 18 U.S.C. §§ 982(a)(2)(A) and 981(a)(1)(C)). The Eighth Circuit has previously upheld orders of forfeiture in similar circumstances even when the indictment only cited 18 U.S.C. § 982. *See United States v. Waits*, 830 F. App'x 790 (8th Cir. 2020) ("Although the indictment cited only 18 U.S.C. § 982, [the defendant] had adequate notice that the government intended to seek

4

forfeiture"). Here, the Forfeiture Allegation repeatedly, and correctly, cited to 18 U.S.C. § 981(a)(1)(C). *See* Filing 178 at 22–23. Any reference to § 982 in this case does not affect the Defendant's substantial rights and must be disregarded. *See Garbacz,* 33 F.4th 472 (citing Fed. R. Crim. P. 52(a)); *see also United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008) ("Listing the wrong forfeiture statute did not prevent [the defendant] from receiving notice under Rule 32.2(a)"). Accordingly,

    IT IS ORDERED:

1. The Government's Motion for Preliminary Order of Forfeiture, Filing 470, is granted;

2. Based upon the Forfeiture Allegation of the Superseding Indictment, the Defendant's plea of guilty to Count V of the Superseding Indictment, and the Defendant's admissions during his Change of Plea Hearing, the Government is hereby authorized to seize the following property: (a) a 2020 Blue International HV507 dump truck, VIN: 3HAEGTATXLL338049, titled in the name of Perkins Construction LLC; (b) a Grey Henderson 17' Dump Body, S/N MKE-735708-1; (c) a 2020 White International HV507 dump truck, VIN: 3HAEGTAT4LL336314, titled in the name of Perkins Construction LLC; and (4) a Black Henderson 17' Dump Body, SIN: MKE-73550-1;

3. The Defendant's interest in the subject Property is hereby forfeited to the Government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1) 18 U.S.C. § 981(a)(l)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

4. The subject Property is to be held by the Government in its secure custody and control.

5. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov., notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject property must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the Property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the Property and any additional facts supporting the Petitioner's claim and the relief sought.

7. The Government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the Property as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), 18 U.S.C. § 981(a)(l)(C), 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure, in which all interests will be addressed.

Dated this 29th day of May, 2024.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge